# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| ROBERT COLLINS, WALTER COLLINS, and JOHNETTE WEATHERS, as attorney-in-fact for ANDREW COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, a/k/a SANTEE COOPER, and UNITED STATES ARMY CORPS of ENGINEERS, <br><br> Defendants. | C.A. No.: 2:05-3494-PMD <br><br><br><br> **ORDER** |

This matter is before the court upon the United States' Motion to dismiss due to lack of jurisdiction or to transfer to the Court of Federal Claims. Defendant Santee Cooper has also filed a motion to dismiss, claiming immunity under the government contractor exception. For the reasons stated herein, the court holds this case in abeyance pending the resolution of factually similar cases currently pending before the United States Court of Appeals for the Federal Circuit.

## **STANDARD OF REVIEW**

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller,* 523 U.S. 866, 879, 118 S.Ct. 1761, 140 L.Ed.2d 1070 n. 6 (1998) (quoting *Landis,* 299 U.S. at 254-55, 57 S.Ct. 163). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter

1

a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir.1979).

## DISCUSSION

Near St. Stephen, South Carolina, a hydroplant operates on a canal connecting Lake Moultrie to the Santee River (hereinafter "St. Stephen Plant"). As a result of the operation of the St. Stephen Plant, the land located in the Santee River Basin below the Tailrace Canal periodically floods.

In 1993, a group of landowners whose property is situated in the Santee River Basin, initiated an action against the South Carolina Public Service Authority (hereinafter "Santee Cooper") alleging "negligence, trespass and inverse condemnation" as a result of the flooding [*Sauders v. SCPSA*, C.A. No.: 2:93-3077-23]. During the thirteen years this case has been before the court, due to subsequent flood events, additional lawsuits have been filed. In 1997, landowners brought a case naming Santee Cooper as a defendant [*Souders II*, C.A. No.: 2:97-673-23]. In 2003, a subsequent flood prompted landowners to bring another claim naming the United States and an Army Corps of Engineers employee personally, as well as Santee Cooper [*Butler v. SCPSA*, C.A. No.: 2:03-0934-23]. The United States and the Corp employee were subsequently dismissed as the court had no jurisdiction over them.

On November 28, 2005, the United States moved to intervene in all three of these cases, claiming to be the owner of St. Stephen Plant and the entity liable for the operation of the Plant. The United States claimed that, because it was the real party in interest, the district court had no jurisdiction and moved that these cases be transferred to the Federal Circuit. In an Order dated April 12, 2006, this court denied the United States' Motion to intervene, and found that Santee Cooper was the appropriate defendant in these causes of action. The United States has appealed this decision to the United States Court of Appeals for the Federal Circuit, where it is currently pending.

In November of 2005, Plaintiffs, another group of landowners whose property is situated in the flooded area, initiated this action alleging inverse condemnation and continuing trespass against both Santee Cooper and the United States Army Corps of Engineers.[1]  On December 20, 2005, Santee Cooper moved to be dismissed, claiming government contractor immunity.  On January 23, 2006, the United States filed a motion to dismiss for lack of jurisdiction or, in the alternative, to transfer to the Federal Circuit.  The issue before the court is whether Santee Cooper or the United States is the appropriate defendant in this action.

The Court of Appeals for the Federal Circuit's review of the issues presented in *Sauders*, *Souders*, and *Butler* will undoubtably assist this court in determining whether to grant the United States' Motion to dismiss or transfer.  Accordingly, the court finds it would be most efficient and the fairest course for the parties for the *Collins* action to be held in abeyance pending the Federal Circuit's decision in *Sauders*, *Souders,* and *Butler*.  Now therefore,

**IT IS HEREWITH ORDERED** that the within matter is statistically stayed pending the Federal Circuit's decision in *Sauders, Souders,* and *Butler*.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 29, 2006.**

---

[1] Plaintiffs originally brought this action on November 7, 2005 in South Carolina Court of Common Pleas against only Santee Cooper.  Plaintiffs amended their complaint on November 21, 2005 to include claims against the United States Corp of Engineers.  Defendants removed this case to federal district court on December 15, 2005.

3